[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11579
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-01506-MCR-EMT

ALLAN RAY DAY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 21, 2021)

Before JILL PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Allan Day, incarcerated in Florida and proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  We granted Day a certificate of appealability on whether trial counsel was ineffective for failing to move to suppress evidence obtained during Day's traffic stop.  After careful review, we affirm.

I.

Here we recount only what is necessary to decide this appeal.  Day is serving a 15-year sentence for trafficking in hydrocodone.  At his trial, the state introduced the following evidence.  While on traffic duty a police officer observed Day's vehicle approaching with a crack in the driver's side windshield that obstructed the driver's view, a violation of Florida traffic law.  *See* Fla. Stat. § 316.610 (prohibiting any person from driving on a highway a vehicle "which is in such unsafe condition as to endanger any person or property" and permitting a police officer, "upon reasonable cause to believe that a vehicle is unsafe," to stop the driver of the vehicle and submit the vehicle to an inspection); *Hilton v. State*, 961 So. 2d 284, 290 (Fla. 2007) ("[A]n officer may stop a vehicle for a windshield crack only if the crack poses a safety hazard.").  He stopped the vehicle and made contact with Day and a passenger, at which point two other officers arrived on the scene.  One of these officers was a canine officer—his dog was trained to detect and signal the presence of narcotics.  The canine officer deployed his dog, and the

2

dog gave a positive alert on both sides of the vehicle. The officers searched Day. The passenger handed an officer a bag full of pills that she had been concealing in her clothing at Day's direction. The passenger told an officer that Day made her hide the pills. Day waived his *Miranda*[1] rights and told an officer that he did not have a current prescription for the medication and he knew it was illegal to have them in his possession. A jury found Day guilty of trafficking illegal drugs of 14 grams or more but less than 28 grams. *See* Fla. Stat. § 893.135.

At the conclusion of his direct review proceedings,[2] Day timely filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, claiming that his trial counsel was ineffective for failing to move to suppress evidence obtained during the stop because the crack in his windshield was not significant enough to warrant the stop. The state court held an evidentiary hearing, at which several witnesses testified. As most relevant to this appeal, Day's trial counsel Joseph Reosti testified that he gave "significant[]" consideration to filing a motion to suppress. Doc. 17-3 at 177.[3] Reosti reviewed case law relevant to the issues "that were raised in the stop" and reviewed the case law with Day. *Id.* Reosti reviewed a video of the traffic stop (which showed a "clearly visible" crack

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] *See Day v. State*, 119 So. 3d 485 (Fla. Dist. Ct. App. 2013) (upholding Day's conviction and sentence), *aff'd*, 147 So. 3d 522 (Fla. 2014) (unpublished table decision).

[3] "Doc." numbers refer to the district court's docket entries.

3

in the windshield that was "definitely obscuring the driver's visibility"), Day's description of the vehicle and his admissions to the police, and "all of the discovery information" he had, including the officers' depositions. *Id.* at 177, 184–85. He considered "as many angles" as he "possibly could" for a possible motion to suppress, including: "whether or not the officer issued a citation to suggest that the stop was [pre]textual," the "length of time," the time it took from the beginning of the stop "to the arrival of the canine," the "validity of the canine's . . . alert," the "validity of the canine's training," and whether or not Day was "coerced . . . in any form or fashion." *Id.* at 181. He dedicated significant attention to the issue because suppressing the pills "would have been dispositive, meaning that the case would . . . have needed to have been thrown out." *Id.*

Reosti "weighed all of that and made a decision that [he] didn't believe that . . . filing a motion to suppress would further the best disposition for Mr. Day's case." *Id.* Reosti testified that the State had offered a plea deal of five years' imprisonment—ten years below the mandatory minimum—and "whether or not the State kept that offer on the table was . . . a significant issue" that Reosti "considered with regard to whether or not [he] should file a motion" he "believed . . . had very little chance of winning." *Id.* at 178; *see id.* at 179 (calling the motion to suppress a "long shot at best" based on all of the evidence and the relevant law). Day ultimately declined to take a plea.

4

The state postconviction court denied Day's motion. The court found Reosti's testimony credible, that based on his testimony he "did not have a valid basis upon which to file a motion to suppress challenging the traffic stop," and that, "[i]n any event, . . . Reosti's decision not to file a motion to suppress . . . was a strategic decision." Doc. 17-3 at 267–68. Thus, the court found that Day had failed to show that his trial counsel performed deficiently or that counsel's performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (holding that trial counsel renders ineffective assistance when his performance falls "below an objective standard of reasonableness" and when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). The state appellate court affirmed without opinion.

Day then filed a *pro se* § 2254 petition, raising this same ineffective assistance of counsel claim. The district court denied the petition and declined to issue Day a certificate of appealability. We granted him one. This is his appeal.

II.

"When reviewing a district court's . . . denial of habeas relief, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 899 (11th Cir. 2013) (internal quotation marks omitted). An ineffective assistance of counsel

5

claim "presents a mixed question of law and fact that we review *de novo*." *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014).

Because the state postconviction court decided Day's ineffective assistance of counsel claim on the merits, we must review that court's decision under the highly deferential standards set by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018); *see also id.* at 1192 (requiring us to "look through" the appellate court's unreasoned decision and examine the reasons of the state postconviction court). AEDPA bars federal courts from granting habeas relief to a petitioner on a claim that was adjudicated on the merits in state court unless the relevant state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).

6

For claims of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by the deficient performance, that is, there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694. There is a strong presumption that counsel's performance falls within the wide range of professional assistance, and the petitioner bears the burden of proving that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). When we apply *Strickland*'s deferential standard for deficient performance and AEDPA's deferential standard of review, our review of counsel's performance is doubly deferential. *Jenkins v. Comm'r, Ala. Dep't of Corr.*, 963 F.3d 1248, 1265 (11th Cir. 2020). The question is not whether counsel's actions were reasonable but whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id*.

Because both parts of the *Strickland* test must be satisfied, we need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

III.

Day argues that his trial counsel was ineffective for failing to move to suppress the results of his traffic stop and his detention because his vehicle was stopped, based on a small crack on the windshield, without reasonable suspicion or probable cause. He argues that the state postconviction court erred in determining that a motion to suppress would have been meritless. And he argues that the court erred in concluding that counsel's decision not to file the motion was a reasonable strategic decision. Day, however, has failed to overcome our doubly deferential review of trial counsel's performance.

It is clearly established that strategic choices made after thorough investigation of law and facts relevant to plausible options are "virtually unchallengeable." *Strickland*, 466 U.S. at 690. The record in this case demonstrates that trial counsel thoroughly investigated both the law and the facts relevant to whether to file a motion to suppress. Reosti specifically testified that he reviewed case law, considered several "angles" for a motion to suppress, and reviewed a broad swath of evidence, including video evidence, his client's statements, and police officers' testimony. Reosti knew the potential benefits of a motion to suppress—winning such a motion could result in dismissal of the charges—but also knew the potential benefits of not filing one—not goading the State into withdrawing a favorable plea offer. Day faults trial counsel for failing to

8

"explain why he was certain that the plea offer would have disappeared had he filed a motion to suppress." Appellant Br. at 8. But counsel did not testify to a certainty, and in strategic decisionmaking there are few certainties. It is enough, under our deferential standard of review, that counsel believed he could lose a favorable offer if he filed a meritless motion.

Day argues that the motion would not have been frivolous, pointing to testimony from other witnesses who testified at the postconviction evidentiary hearing that the crack would not have obstructed a driver's view. But the state habeas court found Reosti credible, and Reosti testified that the crack was, as the officers said, in the line of sight on the driver's side. "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review." *Consalvo v. Sec'y, Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011). We cannot disturb the state court's credibility determination made based on the court's observation of witness demeanor unless Day overcomes AEDPA's "presumption of correctness" of facts "by clear and convincing evidence." *Id.* (citing 28 U.S.C. § 2254(e)). Day has not met this burden.

"Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." *Strickland*, 466 U.S. at 681. The state postconviction court respected Reosti's

9

strategic decision not to file a motion to suppress.  That decision was not contrary to or based on an unreasonable application of clearly established federal law, and it was not based on an unreasonable determination of fact in light of the state court record.  We therefore uphold the state court's decision that trial counsel's performance was not deficient.[4]  We need not assess prejudice.  *See Haley*, 209 F.3d at 1248.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[4] In his briefs on appeal Day appears to challenge the extension of the traffic stop for police to conduct a canine sniff.  But he failed to raise the claim in his § 2254 petition, so the district court did not address it, and we will not on appeal.